FILED
2008 Aug-18 PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| KAMILES CREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06-cv-01554-PWG |
| | ) |
| CARLOS WOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation on July 22, 2008, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on August 7, 2008. (Doc. 51.)

In his objections, the plaintiff contends the force used against him by Defendant Wood was not justified. (Doc. 51 at 1-2.) Specifically, the plaintiff claims he was not a threat to Defendant Wood since he was handcuffed and Defendant Wood should have ordered him to his cell and given him a disciplinary instead of using force against him. The plaintiff does not dispute that Defendant Wood ordered him to sit down and that the plaintiff continued to be unruly and failed to obey Wood's orders. Under these circumstances, the use of an appropriate degree of force was justified to compel the plaintiff's compliance with a valid order and accomplish security interests. Moreover, whether the plaintiff actually posed a threat to Defendant Wood while handcuffed is just one factor in analyzing an excessive force claim. Even if the plaintiff did not actually constitute a threat to Wood's safety, Wood was justified in using an appropriate degree of force to accomplish a legitimate security interest after the plaintiff disobeyed a valid order. *See Brown v. Smith*, 813 F.2d 1187, 1189

n.3 (11th Cir. 1987). A wide range of deference is given to prison officials acting to preserve discipline and security. *Id.* at 1188-89.

Next, the plaintiff objects "to the court's finding that the injury didn't reach the level of an eighth amendment violation." (Doc. 51 at 2.) He reasons Wood's use of force was excessive and it follows that he sustained excessive physical and mental injuries as a result. The plaintiff's claim is without merit. The undisputed evidence shows the plaintiff was taken to the infirmary, treated for bruises, contusions, and a cut to his elbow. Afterwards, he was returned to segregation to receive a haircut. It does not appear from the record that the plaintiff's injuries were serious.

The plaintiff further objects to the recommended dismissal of his claims against Defendant Hooks and Garrett for failing to show these officials were on notice that Wood and other officers were using excessive force against handcuffed inmates. The plaintiff claims he moved for discovery to show a history of widespread abuse by Wood and other officers, but the court denied his motions.

Part III of the Order for Special Report required both the defendants and the plaintiff to make certain initial disclosures and also provided detailed instructions to the parties regarding additional discovery. The parties were specifically informed that no additional discovery would be allowed without express leave of the court. The parties were further informed that "[t]o request leave of court, the moving party must file with the court a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures provided hereinabove were inadequate to provide the information sought by the discovery. ANY REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY MUST BE FILED WITHIN THIRTY (30) DAYS FROM THE CERTIFICATE OF SERVICE ON THE SPECIAL REPORT." (Capitalization in original.) The plaintiff's requests for discovery were either deficient, untimely, or both and were properly denied as such. (Docs. 30, 38, 42, & 45.) Because the plaintiff failed to show a history of widespread

abuse such that Defendant Hooks and Garrett were on notice of the need to correct the alleged deprivation, and failed to do so, their motion for summary judgment is due to be granted.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the court finds that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that no genuine issues of material fact exist and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 18th day of August 2008.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE